# UNITED STATES BANKRUPTCY COURT
## FOR THE NOTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE SUMMIT AT COPPER SQUARE, LLC et al | Case No. 09-38271 (Jointly Administered) |
| Debtors. | Hon. Eugene R. Wedoff |

## FINAL ~~INTERIM~~ ORDER AUTHORIZING DEBTORS TO INCUR POST PETITION DEBT ON AN UNSECURED BASIS; AND (II) AUTHOZING LOAN ADMINISTRATIVE EXPENSE PRIORITY UNDER SECTION 503(B)(1) OF THE BANKRUPTCY CODE

This matter came before this Court on the motion (the "Financing Motion") of the Debtors, The Summit at Copper Square LLC et al ("Debtors"), requesting that this Court enter an order: (I) authorizing the Debtors to incur post petition debt on an unsecured basis pursuant to Section 364(b) of the Bankruptcy Code; and (II) granting the DIP Financing (defined below) administrative expense priority under Section 503(b) of the Bankruptcy Code. The Court having examined the Motion, being fully advised of the relevant facts and circumstances surrounding the Motion and having completed a hearing pursuant to Bankruptcy Code Section 364 and Fed. R. Bankr. P. 4001(b) and (c), THIS COURT HEREBY FINDS THAT:

A. On October 14, 2009 ("Filing Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Code. The Debtors have retained the possession of their property and continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

B. An immediate need exists for the Debtors to obtain post-petition financing in

order to enable the Debtors to satisfy its ongoing operational expenses and maintain the value of its real property which consists of a 23 story high rise condominium and retail project in downtown Phoenix, Arizona (the "Project"). Entry of this ~~interim~~ order ("~~Interim~~  Order") will enhance the possibility of a successful reorganization.

C.    Pursuant to Bankruptcy Code Sections 364(b), the Debtors are proposing to obtain credit from W Developments LLC ("W Developments") on an unsecured basis in the amounts set forth below (the "DIP Financing"), with the DIP Financing to be entitled to administrative expense priority under Section 503(b)(1) of the Bankruptcy Code. The terms of the DIP Financing have been negotiated in good faith and at arms' length, and the DIP Financing is being extended in good faith, as that term is used in Bankruptcy Code section 364(e).

D.    In order to prevent immediate and irreparable harm to the estate ~~pending a final hearing on the Financing Motion (the "Final Hearing"~~), the Debtors require the use of the DIP Financing pursuant to the terms of the budget of operating expenses attached hereto as Exhibit A (the "DIP Budget") and to fund a real estate tax escrow for payment of 2009 real estate taxes for the Project.

E.    Under the circumstances of the Debtors' bankruptcy cases, the terms and conditions of this ~~Interim~~ Order are a fair and reasonable response to the Debtors' incurrence of the DIP Financing, and the entry of this ~~Interim~~ Order is in the best interest of the Debtors' estates and their creditors.

F.    The notice provided by the Debtors of the Financing Motion, the hearing on the Financing Motion and the entry of this ~~Interim~~ Order satisfy the requirements of Fed. R. Bankr. P. 4001 and were otherwise sufficient and appropriate under the circumstances.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1.      <u>Authorization to Incur Postpetition Financing</u>. Pursuant to Section 364(b) of the Bankruptcy Code, the Debtors are authorized to incur DIP Financing from W Developments in the following amounts:

(i)      $50,000 and such additional amounts to be lent by W Developments to the Debtors and deposited into the Debtors' DIP bank account to be used to pay the budgeted expenses delineated on the attached Budget;

(ii)     An additional $62,000 to be lent by W Developments to the Debtors and deposited into a separate tax escrow account maintained at Stearns Bank for payment of the 2009 taxes when due ("Tax Escrow Account"); and

(iii)    Additional $10,000 semi-monthly payments to be lent by W Developments to the Debtors to be deposited by the Debtors into the Tax Escrow Account on the 1st and 15th of each month beginning February 1, 2010 until the earlier of (a) a Plan of Reorganization is confirmed in this case; (b) the case is converted or dismissed; or (c) the automatic stay is modified in favor of Stearns Bank.

2.      <u>Administrative Expense Status</u>. The DIP Financing, to the extent incurred pursuant to the terms of this ~~Interim~~ Order, shall be granted administrative status under Bankruptcy Code sections 364(b) and 503(b).

3.      <u>Unsecured Note</u>. The Debtors are authorized to issue to W Developments an unsecured note in the amount of the DIP Financing to the extent that such DIP Financing is loaned to the Debtors pursuant to the terms of this ~~Interim~~ Order and Budget.

4.      <u>Tax Escrow</u>. In the event that the automatic stay is modified in favor of FNBN-Rescon LLC, FNBN-Rescon LLC shall be entitled to the funds available at that time

3

in the Tax Escrow Account. Provided that the automatic stay is not lifted in favor of FNBN-Rescon LLC prior to confirmation of a Plan of Reorganization in this case, upon confirmation of the Plan of Reorganization of The Summit at Copper Square LLC, the Tax Escrow Account shall be used to satisfy the 2009 real estate taxes for the Project pursuant to the terms of the Plan.

~~6.    Final Hearing. A Final Hearing on the Motion is set for _____, 2009 at _____ a.m.~~

Dated: 1 5 DEC 2009

ENTERED:

_____
U.S. Bankruptcy Judge