IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| THE SUMMIT AT COPPER SQUARE, LLC, et al., | Case No. 09-38271 (Jointly Administered) |
| Debtors. | Hon. Eugene R. Wedoff |
| | Date: August 3, 2010<br>Time: 9:30 a.m. |

## NOTICE OF MOTION

To:   See attached Service List

PLEASE TAKE NOTICE that on **August 3, 2010 at 9:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before United States Bankruptcy Judge Eugene R. Wedoff, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois, on the attached **FIRST AND FINAL APPLICATION OF CONWAY MACKENZIE, INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTOR**, at which time and place you may appear as you see fit.

By:   /s/ Miriam R. Stein

Barry A. Chatz (06196639)
Konstantinos Armiros (00664000)
Miriam R. Stein (06238163)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

9106005.1

## CERTIFICATE OF SERVICE

I, Miriam R. Stein, hereby certify that I caused a copy of the following documents that were filed with the Clerk of the Bankruptcy Court on July 8, 2010:

1. FIRST AND FINAL APPLICATION OF CONWAY MACKENZIE, INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS DEBTORS' FINANCIAL ADVISORS

2. COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

to be served on the parties listed on the attached Service List by the Court's ECF system and/or U.S. Mail, postage prepaid, on July 8, 2010.

                                        /s/ Miriam R. Stein
                                        Miriam R. Stein

Barry A. Chatz (06196639)
Konstantinos Armiros (00664000)
Miriam R. Stein (06238163)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

## SERVICE LIST

Via U.S. Mail:

The Summit at Copper Square
The Summit at Copper Square Commercial
770 West Gladys Avenue, Suite 208
Chicago, IL 60661

Via ECF:

William J. Barrett
*Creditor*: FNBN-RESCON I LLC
william.barrett@bfkn.com

Barry A Chatz
*Debtors*: The Summit at Copper Square
bachatz@arnstein.com

Jonathan P Friedland
*Creditor*: Summit at Copper Square Condominium Association
jfriedland@lplegal.com

Matthew T. Gensburg
*Creditor*: BAC Home Loans
gensburgm@gtlaw.com
chiedocket@gtlaw.com
carlsonk@gtlaw.com

Steve Jakubowski
*Creditor*: Chicago Title Insurance Company
sjakubowski@colemanlawfirm.com

William T Neary
USTPRegion11.ES.ECF@usdoj.gov

Michelle G Novick
*Debtor*: The Summit at Copper Square, LLC
mgnovick@arnstein.com

Elizabeth E Richert
*Creditor*: Chicago Title Insurance Company
erichert@colemanlawfirm.com
dmueller@colemanlawfirm.com

James B. Sowka
*Creditor*: The Weitz Company, LLC
jsowka@seyfarth.com

Miriam R. Stein
*Debtor*: The Summit at Copper Square
mrstein@arnstein.com
jbmedziak@arnstein.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:  Chapter 11

THE SUMMIT AT COPPER SQUARE  Case No.: 09-38271
LLC, et. al.  Jointly Administered

Debtors.  Hon. Eugene R. Wedoff
_____/

### FIRST AND FINAL APPLICATION OF CONWAY MACKENZIE, INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

NOW COMES KENNETH J. MALEK AND CONWAY MACKENZIE, INC. ("CM") and requests that this Court enter an order allowing compensation for services rendered as financial advisor and related professional services for the Examiner for the period from November 18, 2009 through June 7, 2010 (the "Application Period"), and in support thereof, states as follows:

1. That on or about October 14, 2009 a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") was filed by Barry A. Chatz on behalf of The Summit at Copper Square, LLC (the "Debtor").

2. That on or about November 18, 2009, this Court entered an order ("Retention Order") pursuant to Local Rule 5.03 of the Bankruptcy Code authorizing the Examiner to retain CM to render financial advisory services as deemed necessary in this case. A copy of that order is attached hereto as Exhibit A.

3. That in this Application of CM for Compensation (the "Application"), CM seeks fees for professional services rendered during the Application Period in the amount of $145,741.50 and reimbursement of expenses in the amount of $7,133.51. During the Application Period, CM expended a total of 348.60 hours of professional and paraprofessional services on behalf of the Examiner. This fee application is the first and final fee application filed by CM in this case.

4. That CM has presented the services rendered by naming each person who performed the activity, the number of hours spent by such person, and a description of the work performed. Their tenth-hour detailed statement of services are attached as Exhibit C to the Application and are summarized in Exhibit B attached hereto.

5. That in rendering the services described in Exhibit B, CM has expended a total of 348.60 hours. An overall billing summary attached as Exhibit D hereto sets forth the hourly rates during the Application Period for the CM&D personnel that performed services for the Examiner. Applying the comparable hourly rates of CM and other consulting firms in nonbankruptcy matters to the time spent by CM on this matter, CM is entitled to fees for professional and paraprofessional services rendered during the Application Period in the amount of $145,741.50. See Exhibit D, which also includes a summary of hours by person. An award in this amount would result in an effective billing rate of $418.08.

6. That in addition to the time expended as described in Exhibit B, CM incurred expenses during the Application period in the sum of $7,133.51.

7. That other than as provided in §504(b) of the Bankruptcy Code, CM has not shared or agreed to share, any compensation received as a result of this case with any person, firm, or entity. No promises concerning compensation have been made to CM by any person, firm, or entity. The sole and exclusive source of compensation shall be funds of this estate.

8. That CM asserts that the compensation requested above is reasonable compensation for the actual and necessary services rendered based upon the time, nature, extent, and value of such services. CM further asserts that the cost of services rendered for and on behalf of the Examiner is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

9. Wherefore, during the pendency of this case, certain equity owners of the debtors have paid to CM a $20,000.00 retainer and an aggregate of $36,226.25 in other payments for services provided and expenses incurred. The funds paid

to CM by non-debtor sources will be accounted for in CM's request for payment of the allowed amount of fees and expenses.

WHEREFORE, CONWAY MACKENZIE, INC. prays for the entry of an order (i) approving all fees in the amount of $145,741.50 and all expenses in the amount of $7,133.51 and (ii) allowing application of the $20,000.00 retainer and (iii) allowing a payment, net of the $20,000.00 retainer and $36,225.25 in other payments, to CM in the amount of $96,648.76.

CONWAY MACKENZIE, INC.

*[signature]*

Kenneth J. Malek
Senior Managing Director


Subscribed to before me
this 2nd of July, 2010:

*[signature]*
Notary Public

Official Seal
Kathryn T Padley-Bolo
Notary Public State of Illinois
My Commission Expires 07/09/2011